UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DERRICK CARRINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1360 (ESH) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **NATIONAL ASSOCIATION OF LETTER** | ) | |
| **CARRIERS, AFL-CIO,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff Derrick Carrington was employed by the United States Postal Service ("USPS") until his termination on December 22, 2009. (*See* Second Amended Complaint ("Compl.") [ECF No. 1] ¶ 3.) On December 29, 2009, plaintiff provided the removal letter to his union, the National Association of Letter Carriers, AFL-CIO (the "Union"). On August 19, 2010, the Union, acting on plaintiff's behalf, and the USPS entered into a grievance settlement agreement under which plaintiff would be reinstated to his position. (*See id.*) On August 21, 2010, the USPS notified plaintiff, without elaboration, that it considered the settlement to be "proce[dur]ally improper" and refused to reinstate plaintiff. (*Id.*)

Plaintiff, through the Union, then filed a grievance, alleging that the USPS had violated the Collective Bargaining Agreement ("CBA") by refusing to comply with the August 19, 2010 settlement. (*See* May 24, 2011 Arbitration Summary, Ex. D to Def. Mot. to Dismiss at 3.) An arbitration hearing was held on April 27, 2011, resulting in a written decision on May 24, 2011, in favor of the USPS. (*See* Def. Mot. at 4; Ex. D to Def. Mot. at 1.) On November 14, 2011,

plaintiff filed a "hybrid § 301/fair representation" suit against the USPS and the Union in the Court of Federal Claims, asserting claims against the USPS for breach of the August 19, 2010 agreement and of the CBA, and against the Union for breach of its duty of fair representation. (*See* Def. Mot. at 5.) The Court of Federal Claims found that it lacked subject matter jurisdiction over the claims and transferred the case to this Court. (*See Carrington v. United States*, No. 11-769 C (Fed. Cl. July 31, 2012), Ex. 1 to Pl. Opp. to Def. Mot. to Dismiss [ECF No. 11].)

Defendant now moves to dismiss the complaint, arguing first, that plaintiff's claims against the USPS are barred because plaintiff is bound by the May 24, 2011 arbitration award, and second, that plaintiff's hybrid claim is untimely because it was not filed within six months after plaintiff knew or should have known of the final breakdown in the grievance process regarding his removal from employment, as required by *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). (*See* Def. Mot. at 2, 13.) With respect to the first argument, defendant maintains that plaintiff could have filed suit in federal court to challenge the results of the first grievance, but instead chose to commence a second grievance process, and therefore he cannot now re-litigate issues that have already been decided in the USPS's favor through binding arbitration. (*See* Def. Reply at 7.) As for the time bar, defendant urges the Court not to "permit[] [p]laintiff two bites of the apple" by tolling the statute of limitations for the duration of the grievance proceedings, as plaintiff suggests. (*See id*; Pl. Opp. at 8.)

As defendant acknowledges, however, there are two exceptions to the general rule that courts are to avoid disturbing the results of arbitration. (*See* Def. Mot. at 8.) The relevant exception for present purposes is when an alleged breach of the union's duty of fair representation "seriously undermines the integrity of the arbitral process," such that the results of the arbitration award must be overturned. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554,

567 (1976). Plaintiff's allegations fall into that exception: he alleges that the Union's failure to file his grievance in timely fashion "resulted in an unfavorable ruling in arbitration" and absent that failing, "[p]laintiff would have been reinstated in accordance with the Settlement Agreement." (Compl. ¶ 12.)

While generally "'the employee must afford the union the opportunity to act on his behalf'" through applicable grievance procedures established by labor contract, he may seek remedy in federal court by bringing a "hybrid" suit that "merge[s] [the duty of fair representation] with section 301 [of the Labor-Management Relations Act ("LMRA")]," in which he "allege[s] that both the[] employer and the[] union have interfered with [his] rights under a collective bargaining agreement." *O'Hara v. District No.1-PCD*, 56 F.3d 1514, 1520 (D.C. Cir. 1995) (quoting *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 63 (1965) (citations omitted)). As the D.C. Circuit has stated, an employee's ability to bring suit directly against the employer in federal court is limited to this circumstance, in order to "protect[] the finality of arbitration awards and ensure[] that an employer will not twice be called to answer for the same conduct once it has prevailed in the grievance process, *unless the union has tainted that process through a breach of its duty of fair representation*." *Id.* (emphasis added). Where such "taint" is alleged, as it is here, the plaintiff is not precluded from seeking to overturn the arbitration award in federal court.

In support of its time-bar argument, defendant contends that plaintiff is "attempt[ing] to avoid the statute of limitations by conflating two separate grievance proceedings." (Def. Mot. at 14.) Defendant argues that "once Plaintiff knew, or should have known, of the 'final breakdown' in the first grievance proceeding concerning his removal from employment, he should have filed a hybrid Section 301 claim challenging Defendants' conduct," and that the "final breakdown"

occurred "on August 20, 2010, when the Postal Service issued written notice to Plaintiff that it was withdrawing from the settlement agreement." (*Id*. at 14-15.) There are two problems with this argument. First, assuming the veracity of all "well-pleaded factual allegations" contained in the complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), plaintiff was initially unaware that the Union had failed to submit his grievance in timely fashion. It was not until after the May 24, 2011 arbitration ruling that he learned that a union representative had failed to perform his duties adequately, including timely filing the grievance in plaintiff's case. (*See* Compl. ¶¶ 6, 8.) Thus, plaintiff had no basis for filing a hybrid suit until after May 24, 2011, since he did not know, and there is no evidence that he should have known, that the union had breached its duty of fair representation until that date.

Second, even if plaintiff knew or should have known about the "final breakdown" upon USPS's refusal to reinstate him, the Court finds that it would be appropriate to toll the statute of limitations during the period when plaintiff was seeking relief through arbitration. Defendant's insistence that plaintiff's allegations against the Union and the USPS only relate to the first grievance process, while the second grievance process was an entirely separate matter, is misguided. In her decision, the arbitrator explicitly noted:

> The two questions presented in this case are (1) whether a grievance was submitted within 14 days after the grievant received the Notice of Removal dated December 2, 2009; and (2) whether or not, notwithstanding this submission or not of a grievance did the Formal Step A Blitz Team have the authority to treat the termination as timely grieved.

(Ex. D to Def. Mot. to Dismiss at 3.) It is clear that the second grievance process included a close consideration of what had occurred during the first process. Where an employee chooses to use private dispute mechanisms prior to filing suit in federal court, there is persuasive authority suggesting that the statute of limitations period may be tolled at the discretion of the

district court, as long as there is a possibility for the employee to obtain some relief from those processes. *See Robinson v. Central Brass Manufacturing Co*., 987 F.2d 1235, 1242 (6th Cir. 1993). In this instance, plaintiff could have obtained from the arbitrator a finding that the settlement agreement about his reinstatement was enforceable, so his pursuit of arbitration was not futile. Thus, there is good reason for this Court to toll the statute of limitations, and defendant's motion to dismiss Counts III and IV will be denied.

Finally, defendant urges this Court to dismiss plaintiff's claim premised on the Back Pay Act, 5 U.S.C. § 5596, because the Act "does not create an independent basis" for review of a challenged personnel action, but rather "only provides a remedial mechanism, which allows complainant to sue for the recovery of lost wages and benefits following an administrative determination that the complainant was subject to an improper or unauthorized personnel action." (Def. Mot. at 16-17.) However, while the arbitrator ruled in favor of the USPS, if the Court were to overturn that ruling, plaintiff would arguably have a basis for seeking lost wages and benefits based upon the Act. Defendant's motion to dismiss Count II will therefore be denied.

For the reasons stated above, the Court will deny Defendant's Motion to Dismiss in its entirety. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: February 25, 2013